868 F.2d 734
 BUCHER-GUYER AG, et al., Plaintiffs-Appellants,
v.
The M/V INCOTRANS SPIRIT, etc., et al., Defendants.
New Orleans Marine Contractors, Inc. Defendant-Appellee.
BUCHER-GUYER AG, et al., Plaintiffs-Appellants,
v.
The M/V CGM PROVENCE, etc., et al., Defendants.
New Orleans Marine Contractors, Inc., Defendant-Appellee.
 No. 87-3795.
 United States Court of Appeals,
Fifth Circuit.
 March 27, 1989.
 
 Machale A. Miller, John N. Critchlow, New Orleans, La., for plaintiffs-appellants.
 Harvey G. Gleason, New Orleans, La., for ICT and Hapag-Lloyd.
 G. Alex Weller, Jamie C. Waters, New Orleans, La., for NOMC (Div. of B.R. Marine).
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before THORNBERRY, GEE, and POLITZ, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal questions the applicability of the $500 limitation on damages in the Carriage of Goods by Sea Act to the appellants' claim for recovery for damaged cargo. The district court held that the $500 limitation applied. The appellants brought an interlocutory appeal pursuant to 28 U.S.C. 1292(a)(3) which permits interlocutory appeals of district court decrees that determine "the rights and liabilities of the parties" in admiralty cases.
 
 
 2
 We are required to review the basis for this court's jurisdiction sua sponte if necessary. Francis on Behalf of Francis v. Forest Oil Corp., 798 F.2d 147, 149 (5th Cir.1986). We hold that we do not have jurisdiction under 28 U.S.C. 1292(a)(3). The decision whether the $500 COGSA limitation on damages applies in this case is not a decision determining the rights and liabilities of the parties. In fact, if we were to hold that the $500 limit applies, we would still have to remand this case for a decision on whether the defendants were liable. See Ford Motor Company v. S.S. Santa Irene, 341 F.2d 564 (5th Cir.1965) (holding that a pre-trial order that the $500 COGSA limitation applied was not appealable under 28 U.S.C. 1292(a)(3)).
 
 
 3
 Accordingly, the appellants' appeal is DISMISSED.